1  DAVID M. POITRAS – Bar No. 141309
   SUSAN K. SEFLIN - Bar No. 213865
2  JESSICA S. WELLINGTON - Bar No. 324477
   BG LAW LLP
3  21650 Oxnard Street, Suite 500
   Woodland Hills, CA 91367
4  Telephone:  (818) 827-9000
   Facsimile:   (818) 827-9099
5  Email:       dpoitras@bg.law
                sseflin@bg.law
6               jwellington@bg.law

7  Proposed Attorneys for Chapter 11 Debtor and
   Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re | Case No. 8:24-bk-11048-TA |
| Mash Studios, Inc., | Chapter 11 |
| | **DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF BERNARD BRUCHA IN SUPPORT THEREOF** |
| | [Fed. R. Bankr. P. 1015; Local Bankruptcy Rules 1015-1(b) and 9013-1(q)] |
| | [Identical Motion Filed in Related Case] |
| | [No hearing required pursuant to Local Bankruptcy Rules 1015-1(b) and 9013-1(q)] |

1

2980697

**TO THE HONORABLE THEODOR C. ALBERT, CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Mash Studios, Inc., a California corporation and the chapter 11 debtor and debtor in possession herein (the "Debtor" or "Studios"), hereby submits this emergency motion for entry of an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules" and each one a "Bankruptcy Rule") and Local Bankruptcy Rule ("LBR") 1015(b) authorizing joint administration of the Debtor's case with the bankruptcy case of affiliate and related debtor entity MASHindustries, Inc. ("Industries" and together, with the Debtor, the "Debtors"), Bankruptcy Case No. 8:24-bk-11046-TA. In support of the Motion, the Debtor submits the following Memorandum of Points and Authorities and the attached declaration of Bernard Brucha.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

By this Motion, the Debtor seeks to have Industries bankruptcy case (together, the "Cases") jointly administered with the Debtor's bankruptcy case. Industries bankruptcy case (the "Lead Case") will be designated as the lead case. The Debtor is not requesting substantive consolidation of Cases.

Joint administration is appropriate because the Debtors share common management, ownership, overlapping creditors, and common goals for their respective bankruptcy cases. In particular, the Debtors share the same managing member and there is overlap amongst the Debtors' creditors. Joint administration of the Cases will maximize the assets of the separate estates for creditors and investors by reducing expenses and will ease the administrative burden on the Court and the parties in interest. Moreover, the Debtor requests relief on an emergency basis because jointly administering the Cases will save parties and the Court significant time and expense with respect to first-day motions the Debtors intend to file shortly. Accordingly, the Debtor respectfully requests that the Court enter an order jointly administering the Cases.

## II. FACTUAL BACKGROUND

### A. General Case Background

On April 24, 2024, the Debtors filed voluntary petitions for relief under subchapter v of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their business and manage its affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or committee has been appointed in the Cases.

### B. Description of the Debtors' Businesses

Studios, a California corporation, was formed in 2002 by Bernard Brucha and Mr. Brucha is the sole shareholder of Studios. Studios designs custom office furniture for large corporations such as Nike, Chanel and Google. In 2013, one of Studios suppliers went out of business and Mr. Brucha formed Industries to acquire those assets to begin a furniture and millwork manufacturing business. Mr. Brucha is the sole shareholder of the Debtor.

Industries' manufacturing operations are located in 7150 Village Drive, Buena Park, California (the "Buena Park Property"). Industries employs approximately 34 people and Studios has 7 employees. Industries' website is www.mashindustries.com and Studios' website is www.mashstudios.com.

For the fiscal year 2023, the Industries' gross revenue was $5,001,733 and Studios' gross revenue was $9,983,512. Prior to Covid in 2020, the Debtors' combined business were historically profitable. Along with the commercial office market in general, the Debtors' businesses were hit extremely hard by the Covid pandemic, with new orders greatly reduced for 2020 through 2023. The Debtors' businesses have begun turning the corner in 2024 and the Debtors reduced their overhead greatly by laying off approximately 20 employees, and closing Studios' headquarters and showrooms. Industries has approximately $12 million in new orders on the books, and Studios has approximately $6 million in new orders on the book. The Debtors are projecting a return to profitability in April or May 2024.

### C. The Debtors' Management Structure

Both of the Debtors are California corporations. Bernard Brucha is the founder, Chief

Executive Officer, and principal of both Debtors, and he is the sole shareholder of both Debtors.

Lisa Boardman is the Chief Operating Officer and Chief Financial Officer for both Debtors. Ms. Boardman has extensive knowledge regarding the Debtors' day-to-day operations and finances.

### D. Circumstances Impacting the Debtor's Operations and Reason for the Bankruptcy Filing

Although Industries occupies the Buena Park Property, Studios is the tenant on the lease. In 2023, Industries began having problems timely paying the rent of $86,000 a month on the Buena Park Property and as of the petition date, the Debtors are seven months behind on rent though they have paid March and April 2024 rent.[1]

On January 10, 2024, Buchanan Street Partners (BSP"), the landlord for the Buena Park Property, served Studios with a three day notice to pay rent or quit. While the Debtors responded to the three-date notice with a payment plan proposal, the Debtors were not able to make the full payment. Thereafter, on February 16, 2024, BSP filed an unlawful detainer action and obtained a writ of possession for the Buena Park Property. On Friday, April 19, 2024, Studios was served with a *Notice to Vacate* the Buena Park Property on or before April 25, 2024 at 6:01 a.m. Industries manufacturing facility (the "Facility") located at the Buena Park Property is an 77,000 sq. ft. manufacturing facility, houses valuable equipment, and is vital to the Industries' ongoing operations and return to profitability. Industries' 34 employees work out of the Facility and being locked out of the Facility by the Sheriff will decimate Industries' business and operations. Industries intends to relocate its manufacturing operations to a smaller facility, within 120 days of the petition date, and proposes to pay BSP postpetition rent at the contract rate from the petition date through the date that it vacates the premises.

Combined, the Debtors have outstanding debt of approximately $7 million [$2.5 million in secured debt (SBA loans during Covid) and approximately $4.5 million in unsecured trade debt (including the BSP debt)]. The Debtors intend to file a chapter plan to resolve these debts in their chapter 11 cases.

---

[1] The landlord holds a security deposit in the amount of $268,275.53, which it apparently has not applied to the outstanding balance.

4

Without the chapter 11 cases, all manufacturing would cease indefinitely due to the BSP writ of possession, and Industries would be forced to liquidate. Through their chapter 11 cases, the Debtors can remain as a going concern and keep 41 employees employed, and project significant recoveries to their creditor constituencies through the chapter 11 plan process.

## III.  DISCUSSION

### A.  Proposed Procedure for Joint Administration

The Debtor proposes the following procedures for joint administration:

1. The use of a single docket (In re MASHindustries, Inc., Case No. 8:24-bk-11046-TA) for administrative matters, including for the filing, lodging and docketing of pleadings and orders.

2. Parties in interest shall be directed to use the caption attached as **Exhibit 1** for each filing. However, each filing shall indicate which of the Debtors is affected by or is a party to the subject filing.

3. Combined notices to creditors and parties in interest.

4. The Debtors will file a consolidated list of the 30 largest creditors upon approval of this Motion.

5. Joint scheduling of hearings on proceedings in the case.

6. Joint financial reporting by the Debtors.

7. Joint and several liability of the Debtors' estates for allowed fees and costs of professionals retained in the Debtors' cases.

8. Joint handling of other administrative matters.

9. Notice of joint administration of the estates will be separately filed and docketed in each of the Debtors' cases and will be served on all creditors and parties in interest in each case. In Studios' docket, creditors and parties in interest shall be directed to the case docket for Lead Case, to locate all pleadings filed subsequent to the date on which the Court enters an order granting this Motion.

10. Each Debtor shall maintain its own claims register to avoid the confusion that may result if the claims registers were consolidated.

11. The Debtors will continue to operate, as they have in the past, as separate and distinct entities, and will continue to maintain separate books and records to reflect all intercompany and third-party transactions during the pendency of their chapter 11 cases.

### B. Emergency and Ex Parte Relief is Justified

LBR 1015-1(b)(1) expressly provides that the Court may enter an order for joint administration without notice or a hearing:

> If 2 or more cases are pending before the same judge, an order of joint administration may be entered, <u>without further notice and an opportunity for hearing</u>, upon the filing of a motion for joint administration pursuant to FRBP 1015 and LBR 9013-1(q), supported by a declaration establishing that the joint administration of the cases is warranted, will ease the administrative burden for the court and the parties, and will protect creditors of the different estates against potential conflicts of interest.

LBR 1015-1(b) (emphasis added); *see also* LBR 9013-1(q).

Notice of the motion for joint administration is not required. Rather, the only notice required is notice of any joint administration *after* the Court grants a motion for joint administration. *See* LBR 1015-1(b)(3).

In the next few days, the Debtors intend to file additional first-day motions in the Cases. Without joint administration, the Debtors must file the same motion in both Cases necessitating separate hearings before the Court, and service of the identical motions on many of the same parties in interest. A single first-day motion alone would necessitate redundant filings and hearings. Joint administration of the Cases will allow the Debtors to file and serve one motion and obtain a single hearing thereon. Thus, joint administration will save the respective estates and parties significant fees and costs. It will also avoid the potential confusion caused by numerous duplicative filings, and will ease the burden on the Court and its staff.

Procedural authorization for granting this Motion on an emergency basis without notice or hearing is found in LBR 1015-1(b) and Bankruptcy Rule 1001, which provides that "[t]hese rules shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding." The Debtors respectfully submit that, on the facts of these cases, and in light of the Debtors' imminent filing of other first-day motions, emergency relief is both necessary and

appropriate and will substantially benefit the Debtors' estates and the Court. Accordingly, the Debtors respectfully request that the Court grant this Motion, on an emergency basis, without notice or hearing.

    **C.    Joint Administrations of the Cases is Appropriate Because the Debtors are Affiliates**

Bankruptcy Rule 1015(b) provides, in relevant part, as follows:

> If a joint petition or two or more petitions are pending in the same court by or against (1) spouses, or (2) a partnership and one or more of its general partners, or (3) two or more general partners, or (4) a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest.

Fed. R. Bankr. P. 1015(b).

Under 11 U.S.C. § 101(2), the term "affiliate" includes:

> (B) corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
> (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
>
> (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;
>
> (C) person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or
>
> (D) entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

11 U.S.C. §§ 101(2)(B), (C), and (D).

Here, both Debtors are wholly owned by the same individual, Mr. Brucha, and the Debtors share common management. Mr. Brucha is the Chief Executive Officer and principal of both

Debtors, and Ms. Boardman is the Chief Operating Officer and Chief Financial Officer for both Debtors. Thus, the Debtors are affiliates as defined by the Bankruptcy Code, and joint administration is appropriate pursuant to Bankruptcy Rule 1015(b).

### D. Joint Administration of the Cases Will Increase the Debtors' Chance at Reorganization and Benefit the Estates

Bankruptcy Rule 1015(b) and LBR 1015-1(b) empower this Court to order the joint administration of two or more cases under the Bankruptcy Code. Fed. R. Bankr. P. 1015(b); LBR 1015-1(b). "Joint administration is common when a consolidated group of corporations files for bankruptcy relief. Particularly in chapter 11, the success of one affiliate's reorganization effort may depend on the success of the other affiliates' efforts." *See* 9 *Collier on Bankruptcy*, ¶ 1015.03 (16th ed. 2014).

The Debtors' Cases present the classic situation for joint administration as numerous cords of commonality connect the Debtors, militating in favor of the central administration of the Cases. As discussed above, the Debtors are operated by the same individuals. There is also overlap among the creditors and ownership of the Debtors. Brucha Declaration, ¶ 5. Furthermore, the Debtors have a similar goal for the Cases, i.e., the reorganization of their liabilities in a manner consistent with the Bankruptcy Code. *Id.* at ¶ 8. For these reasons, the same issues will likely arise in both of the Cases. Because of the commonalities between the Debtors, the successful resolution of one Case may depend on the outcome of the other, and joint administration will increase the chances of success for the whole enterprise.

Joint administration will avoid wasting resources that would result through the duplication of effort if the Cases were to proceed separately and the same motions and applications were required to be filed in each case. The Debtors' goal is to maximize the return for creditors and investors and avoiding unnecessary costs is important to that end. The Debtors' creditors and investors stand to benefit from the increased efficiency of joint administration because the creditors will not be required to review duplicative pleadings that would otherwise be filed in separate cases. Moreover, through joint administration of the Debtors' cases, the Court will be relieved of the burden of having to maintain and review separate dockets and case files for nearly identical pleadings. Thus, joint

administration will yield significant administrative and economic benefit to the Debtors, their parties in interest, and the Court.

By reason of the foregoing, joint administration of the Debtors' chapter 11 cases is in the best interests of all interested parties.

### E. Joint Administration Will Not Adversely Affect Creditors of the Different Estates

The rights of the Debtors' creditors will not be adversely affected by the joint administration of the Cases. The Debtors are not requesting substantive consolidation in this Motion.

Moreover, as discussed above, the proposed procedures require that the Debtors continue to operate, as they have in the past, as separate and distinct entities, and continue to maintain separate books and records to reflect all intercompany and third-party transactions during the pendency of their chapter 11 cases. The Debtors are merely requesting procedural relief and believe that joint administration of the Cases will provide significant benefits to the Court and parties in interest while not impacting the substantive rights of the creditors of the different estates. The joint administration of the cases should, in fact, help parties in interest to protect their respective rights. Because there will be only one case docket, it will be easier for creditors to monitor proceedings that affect both Debtors.

Additionally, the Debtors share similar goals and strategies, i.e., the reorganization of their liabilities in a manner consistent with the Bankruptcy Code. The resolution of the debt owed by one Debtor may be impacted by the outcome of other Debtors' case. Brucha Declaration, ¶ 8. If a conflict of interest arises after an order authorizing joint administration is entered by the Court, Bankruptcy Rule 1015(c) provides the Court with a mechanism for protecting creditors: "When an order for consolidation or joint administration of a joint case or two or more cases is entered pursuant to this rule, while protecting the rights of the parties under the Code, the court may enter orders as may tend to avoid unnecessary costs and delay." Thus, the Court can address any conflicts that may arise after the joint administration of the Cases.

The Motion should be granted because it will provide greater protection to creditors' rights, and in the event that conflicts arise after an order authorizing joint administration is entered, Rule 1015(c) provides the Court with a mechanism to fashion a remedy.

**IV.    CONCLUSION**

Based on the foregoing, the Debtor respectfully requests that the Court enter an order granting the Motion in its entirety and:

1. Authorizing joint administration of the Debtors' Cases as provided herein; and

2. Granting such other and further relief as the Court deems just and proper under the circumstances.

DATED: April 24, 2024                        BG Law LLP


By: /s/ Jessica S. Wellington
    David M. Poitras
    Susan K. Seflin
    Jessica S. Wellington
Proposed Attorneys for Chapter 11 Debtor
and Debtor in Possession

**DECLARATION OF BERNARD BRUCHA**

I, Bernard Brucha, declare as follows:

1.  I am the founder, sole shareholder, and Chief Executive Officer of both Debtors. I know each of the following facts to be true of my own personal knowledge, except as otherwise stated, and if called as a witness, I could and would competently testify with respect thereto.

2.  I make this declaration in support of the Motion to which it is appended. Unless otherwise defined in this declaration, all terms defined in the Motion are incorporated herein by this reference.

3.  I formed Studios in 2002. Studios designs custom office furniture for large corporations such as Nike, Chanel and Google. In 2013, one of Studios suppliers went out of business and I formed Industries to acquire those assets to begin a furniture and millwork manufacturing business. Industries' manufacturing operations are located at the Buena Park Property. Industries employs approximately 34 people and Studios has 7 employees.

4.  Lisa Boardman is the Chief Operating Officer and Chief Financial Officer for both Debtors.

5.  As the principal of both Debtors, I have knowledge of the Debtors' operations, assets, and liabilities. The Debtors share common management, ownership, overlapping creditors, and common goals for their respective bankruptcy cases.

6.  Based on my understanding of the commonalities among the Debtors' ownership and creditors, I believe that joint administration of the Cases is appropriate and will ease the administrative burden for the Court and the parties in several ways.

7.  Joint administration will avoid the unnecessary duplication of filings in the Cases and will ease the administrative burden on and reduce confusion for creditors. Without joint administration, creditors will be served with and have to review multiple (and duplicative) pleadings filed in the separate cases. Joint administration will also relieve the Court of the burden of maintaining and reviewing separate dockets and case files for nearly identical pleadings.

8.  I believe that the overall strategy for the Debtors is the same, i.e., the reorganization of their liabilities in a manner consistent with the Bankruptcy Code. Because the

Debtors share overlapping creditors, the resolution of the debt owed by one Debtor may be impacted by the outcome of other Debtors' case.

9. I believe because of the commonalities between the Debtors, the successful resolution of one Case may depend on the outcome of the other, and joint administration will increase the chances of success for the whole enterprise.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 24th day of April, 2024, at Buena Park, California.

_____
Bernard Brucha

EXHIBIT "1"

1  DAVID M. POITRAS – Bar No. 141309
   SUSAN K. SEFLIN - Bar No. 213865
2  JESSICA S. WELLINGTON - Bar No. 324477
   BG LAW LLP
3  21650 Oxnard Street, Suite 500
   Woodland Hills, CA 91367
4  Telephone: (818) 827-9000
   Facsimile:  (818) 827-9099
5  Email:    dpoitras@bg.law
             sseflin@bg.law
6            jwellington@bg.law

7  Proposed Attorneys for Chapter 11 Debtor and
   Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| In re | Case No. 8:24-bk-11046-TA |
|---|---|
| MASHindustries, Inc., | Chapter 11 |
| Debtor and Debtor in Possession. | (Jointly Administered with Case No. 8:24-bk-11048-TA) |
| ☐ Affects MASHindustries, Inc.<br>☐ Affects Mash Studios, Inc.<br>☐ Affects Both Debtors | **[TITLE TO APPEAR HERE]** |

1

14

2980692

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367**.

A true and correct copy of the foregoing document entitled**: DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF BERNARD BRUCHA IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 24, 2024,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Michael J Hauser**    michael.hauser@usdoj.gov
- **Susan K Seflin**    sseflin@bg.law
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**\*\*JUDGE'S COPY NOT REQUIRED IF LESS THAN 25 PAGES (GENERAL ORDER 23-01).**

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____**,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 24, 2024 | Jessica Studley | /s/ Jessica Studley |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**